*EXHIBIT 1*

| Image ID: | **SUMMONS** | |
|---|---|---|
| D00649025D01 | | Doc. No.   649025 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha            NE 68183

Scott Hanson v. Mutual of Omaha Insurance Company

Case ID: CI 19    9660

TO:   Mutual of Omaha Insurance Company

**FILED BY**
Clerk of the Douglas District Court
12/12/2019

You have been sued by the following plaintiff(s):

    Scott Hanson

Plaintiff's Attorney:   Kathleen M Neary
Address:                411 South 13th St, Suite 300
                        Lincoln, NE 68508

Telephone:              (402) 474-8000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:   DECEMBER 12, 2019     BY THE COURT:   *John M. Friend*
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Mutual of Omaha Insurance Company
    c/o General Counsel - Reg. Agent.
    Mutual of Omaha Plaza
    Omaha, NE 68175

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI190009660
Transaction ID: 0009875556
Filing Date: 12/12/2019 11:40:03 AM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| SCOTT HANSON, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | COMPLAINT, |
| | ) | JURY DEMAND, |
| | ) | and PRAECIPE |
| vs. | ) | |
| | ) | |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through his attorney, and for his causes of action against the Defendant states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed to Plaintiff by Neb. Rev. Stat. §48-1001 et.seq. (Nebraska Age Discrimination in Employment Act) and 29 U.S.C. Section 621 et. seq. (Federal Age Discrimination in Employment Act).

2. Jurisdiction of this Court is invoked pursuant to Neb. Rev. Stat. §48-1001 et.seq. This Court has original jurisdiction over the state law claims and concurrent jurisdiction over the federal law claims.

3. Plaintiff filed complaints of age discrimination and retaliation with the Nebraska Equal Opportunity Commission and the United States Equal Opportunity Commission with respect to the allegations set forth herein. Plaintiff has timely filed this action within 90 days of his receipt of his NEOC and EEOC right to sue notices.

4. At all times alleged, Plaintiff was a resident of the City of Omaha, Douglas County, Nebraska.

5. At all times alleged, Defendant, a Nebraska insurance company, was licensed to do business in the State of Nebraska and was doing business in Nebraska.

6. Defendant is an employer within the meaning of the state and federal statutes referenced above as it is engaged in an industry affecting commerce and employed twenty or more employees for twenty or more weeks at all times alleged.

7. Plaintiff was born in 1956. Plaintiff was 62 years of age at the time of his unlawful termination from Defendant's employment.

8. All unlawful acts alleged herein occurred within the State of Nebraska.

9. Plaintiff commenced employment with Defendant in 2011 and from May 2012 through the date of his April 25, 2018 termination he served as Vice President of Special Risk.

10. In August 2017, Scott Herchenbach (age 40s) became Defendant's Senior Vice President. In that role, Herchenbach was Plaintiff's direct supervisor.

11. Shortly after Herchenbach became Plaintiff's supervisor, he began to regularly ask Plaintiff "when are you going to retire" or was Plaintiff "thinking about retirement." Each time Herchenbach raised questions about Plaintiff's retirement plans, Plaintiff routinely reassured Herchenbach that he had no plans of retiring, he enjoyed his job and wanted to work as long as he was able. Herchenbach ignored Plaintiff's repeated responses about his retirement plans and continued to make such illegal inquiry throughout the remainder of Plaintiff's employment with Defendant.

12. Herschenbach's questioning about Plaintiff's retirement was so persistent that it made Plaintiff uncomfortable, particularly in light of the fact that neither Plaintiff's previous supervisor nor anyone else in management had inquired about Plaintiff's retirement plans.

13. During the time that Herschenbach repeatedly hounded and harassed Plaintiff about his retirement plans, Plaintiff noticed an effort by Herchenbach to force Plaintiff out of his

job in order to replace him with an employee in his 30s. Herschenbach repeatedly asked Plaintiff whether the employee in his 30s was ready to take over Plaintiff's job.

14. On or about April 3, 2018, Plaintiff was at the Masters Golf Tournament (the Masters) with five of Defendant's clients. Defendant had supplied Plaintiff and the clients with passes to the Masters as well as passes to the Berckmans Place clubhouse at the Masters (Berckmans). While at the Berckmans, one of Defendant's clients took a picture without realizing that picture taking was prohibited. As a result, the passes provided to Plaintiff and the Defendant's clients were revoked. Plaintiff was not involved with the taking of the photographs at the Berckmans or with any other inappropriate conduct.

15. Within short order, Plaintiff contacted Herchenbach and explained that the passes had been revoked due to the client taking photos in a prohibited location. The client who took the photographs in the prohibited area contacted Herchenbach and accepted full responsibility for the loss of the passes. Defendant was able to obtain additional passes to the Masters for other employees and clients. No further discussion ensued regarding the situation at the Masters until April 25, 2018 (the date of Plaintiff's termination).

16. On April 25, 2018, Plaintiff was called into a meeting with Herschenbach and a human resource employee of Defendant. Plaintiff was told he was being terminated because his purported behavior at the Masters reflected poorly on Defendant. Plaintiff disputes that he engaged in any inappropriate conduct at the Masters.

17. Contrary to their usual practice, Defendant refused to provide Plaintiff with a severance package.

18. Contrary to their usual custom and practice, Defendant failed to conduct an investigation into the allegations of misconduct at the Masters.

19.     The reason given to Plaintiff regarding his termination was a pretext for age discrimination. Upon information and belief, the following incidents transpired prior to Plaintiff's termination and the offending employees were not terminated for said conduct:

*     <u>Former Executive Management Employee</u>:   Became extremely intoxicated during the 2014 College World Series with clients.  Said executive manager was carried out of the Mutual of Omaha Suite in front of clients and employees and had to be driven home due to the high level of intoxication.

*     <u>Retired General Counsel of Defendant</u>:     Became extremely intoxicated at a company trip in Costa Rica, urinated in public (and in front of other employees) and had to be carried to his room;

*     <u>Regional Sales Vice President</u>: Was so intoxicated at a NCAA National Championship football game that he climbed over a barrier, ran onto the field, was tackled by security guards and handcuffed by law enforcement.  Numerous members of Defendant's senior management team witnessed these events.  The employee was not terminated.

*     <u>Vice President of Sales</u>:  Was so intoxicated at a NCAA National Championship football game that he attempted to climb over a barrier in order to run onto the field but witnessed Defendant's Regional Sales Vice President get handcuffed (see above).  After seeing law enforcement handcuff Defendant's Regional Sales Vice President on the field, he chose not to breech the barricade. Numerous members of Defendant's senior management team witnessed these events.  The employee was not terminated.

*     <u>Executive Vice President</u>:  Was highly intoxicated at a NCAA National Championship football game.  Witnessed the drunk and disorderly conduct of his subordinates.

On more than one occasion, this high-ranking employee was intoxicated on business trips with clients and employees. No action was taken.

\*	<u>Senior Sales Representative</u>: Was so intoxicated at a Masters Golf event sponsored by Defendant that he threw up on a very expensive couch at the rental house where he, Defendant's clients and other employees were staying. The homeowner was paid $5,000.00 to reimburse them for the damage to the couch caused by Defendant's Senior Sales Representative.

\*	<u>National Sales Director</u>: So intoxicated on company sponsored trips that he was denied bar service and stumbled to his room.

\*	<u>Senior Vice President</u>: On more than one occasion, he made inappropriate remarks to a broker about the broker's wife while on company trips when he was highly intoxicated.

20.	Following Plaintiff's termination of employment and after he made allegations of age discrimination, Defendant has engaged in retaliatory conduct by disparaging Plaintiff's professional reputation.

21.	Plaintiff's performance evaluations during his tenure of employment with Defendant were exceptional or satisfactory.

22.	Brian Kalasek (age 30s) was hired to replace Plaintiff.

23.	At all times alleged herein, Defendant's employees were working in the scope and course of their employment with Defendant.

24.	At all times alleged herein, Defendant was aware of its duty and obligations under the aforementioned statutes. The Defendant's conduct was willful; liquidated damages are appropriate.

COUNT I

Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

25. Due to his age, Plaintiff was unlawfully terminated from Defendant's employment and was denied a severance package. Said discriminatory acts are violative of state and federal age discrimination statutes.

26. As a direct, proximate result of Defendant's illegal conduct, Plaintiff has suffered significant lost wages and value of job-related benefits and will continue to incur such damages into the future.

27. Defendant's actions were willful; liquidated damages are appropriate.

COUNT II

Plaintiff incorporates paragraphs 1 through 27 as if fully set forth herein.

28. After Plaintiff engaged in one or more protected activities, Defendant retaliated against the Plaintiff in violation of the state and federal age discrimination statutes.

29. As a direct, proximate result of Defendant's illegal conduct, Plaintiff has suffered significant lost wages and the value of job-related benefits and will continue to incur such damages into the future.

30. Defendant's actions were willful; liquidated damages are appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Court assume jurisdiction herein as to counts alleged herein and grant the following relief:

a. Declare the conduct of the Defendant to be violative of the Plaintiff's rights under the appropriate state and/or federal law(s);

b. Direct Defendant to reinstate Plaintiff to the position he held at the time of his termination, award him back pay, all the job-related benefits and job-related increments to which

he is entitled, including pre and post judgment interest thereon, or to find that reinstatement is not appropriate and to award him front pay according to law;

    c.    Award Plaintiff liquated damages;

    d.    Award Plaintiff all other damages allowed under law and appropriate under the circumstances;

    e.    Enjoin Defendant from any further discrimination or retaliation against Plaintiff;

    f.    Award Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrongs done to the Plaintiff.

    FOR:  SCOTT HANSON, Plaintiff

    BY:   s/ Kathleen M. Neary
           POWERS LAW
           Kathleen M. Neary   20212
           411 South 13th Street, Suite 300
           Lincoln, NE  68508
           (402) 474-8000

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in Omaha, Nebraska.

s/ Kathleen M. Neary

## PRAECIPE

TO THE CLERK OF THE DISTRICT COURT:

    Please issue summons for service upon Defendant's registered agent, via certified mail, and return to the undersigned:

Mutual of Omaha Insurance Company
Registered Agent:   C/O General Counsel
                       Mutual of Omaha Plaza
                       Omaha, NE  68175

                BY:   s/ Kathleen M. Neary